ORIGINAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 MAR -6 PM 2: 04

DEPUTY CLERK _____

5-13CV0054-C

| | |
|---|---|
| LISA L. BROWN, M.D. | § |
| | § |
| V. | § |
| | § |
| | § |
| SOUTH PLAINS RURAL | § |
| HEALTH SERVICES, INC. | § |

CIVIL ACTION NO. _____

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Lisa L. Brown, M.D., Plaintiff, complaining of South Plains Rural Health Services, Inc., Defendant, and for cause of action would respectfully show the Court as follows:

1.      Plaintiff is a citizen of the United States and a resident of the State of Texas.

2.      Defendant, is an entity organized and existing pursuant to the laws of the State of Texas, which may be served with process by service upon its registered agent, Judith Madura, M.D., 1000 FM 300, Levelland, Texas 79336.

3.      Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e et seq. (hereinafter referred to as "CRA").

4.      This Court has jurisdiction of this action pursuant to 42 U.S.C. §2000e-5 and U.S.C. §1367.

5.      Venue is proper in the Northern District of Texas under 28 U.S.C. §1391(b).

6.      Plaintiff has satisfied all conditions precedent to initiating this court action.

7.      Plaintiff is a former employee of Defendant.  Plaintiff was, at all times relevant to this cause of action, an eligible employee under the CRA.

8.      Defendant is an employer under the CRA.

Plaintiff's Original Complaint

1

9.     Defendant violated the CRA by discriminating against Plaintiff on the basis of her race and maintaining a hostile work environment due to her race.

10.     Plaintiff began working for Defendant on or about June 1, 2010, as a physician.  On or around January 10, 2012, Plaintiff was notified by Defendant that her employment was being terminated.

11.     In general, the wrongful conduct by Defendant began after Defendant refused to pay Plaintiff for supervising mid-level health care practitioners, as such duties were not provided for in Plaintiff's original employment contract.  Sometime after the supervision of the mid-level employees ended, Plaintiff received a minimum amount of compensation for only two of the three mid-level employees supervised.  However, a non-African American physician was fully compensated for performing the same type of work done as Plaintiff, and yet, this non-African American physician only worked a fraction of the time that Plaintiff did at the clinic.  Additionally, one week prior to the termination of Plaintiff's contract, Defendant also terminated the employment of the only other African-American employee that was in a supervisory capacity with Defendant.  Plaintiff believes such conduct by Defendant, as well as the termination of Plaintiff's contract, constitutes racial discrimination in violation of the CRA.

12.     After Plaintiff had been working for Defendant for one year, Defendant asked Plaintiff to sign an addendum to her employment contract which would force her to provide additional supervisory duties without any additional compensation.  After reviewing the addendum, Plaintiff responded that she would only sign the addendum if additional compensation was provided for.  Defendant denied her request and began to treat Plaintiff in a way that created a hostile work environment.

13.     Defendant breached the employment contract with Plaintiff by refusing to pay for Continuing Medical Education courses that were provided for in the employment contract. Plaintiff submitted all the required receipts and documentation to support reimbursement. Nonetheless, Plaintiff was constantly given the "run around" and was only compensated for one conference she attended.

14.     Plaintiff, upon information and belief, states that she was also discriminated against on the basis of her race when Defendant transferred her to the Big Spring clinic location stating, as a pretext, that there was not enough money to pay Plaintiff's salary and yet, subsequently, hiring two additional physicians to replace Plaintiff at the Levelland clinic location. Additionally, Plaintiff alleges that Defendant acted with racial discriminatory motive when Defendant terminated Plaintiff's contract and when Defendant reprimanded Plaintiff for not seeing enough patients, referring patients for treatment by mid-level practitioners instead of receiving treatment by a medical doctor and for accidentally setting off the office alarm. Such conduct created a hostile work environment for Plaintiff.

15.     The unlawful conduct of Defendant, as described above, has caused and will continue to cause Plaintiff harm.

16.     As a result of Defendant's conduct, Plaintiff has suffered damages in the form of lost wages and benefits, as well as mental anguish and/or other economic and non-economic damages.

17.     Plaintiff is entitled to recover from Defendant the value of the lost wages and lost benefits incurred as a result of Defendant's conduct, other economic damages, as well as non-economic, liquidated/punitive damages, interest on such amount and such other and further equitable relief that the Court deems appropriate, for which claim is hereby made.

18.     Plaintiff is also entitled to recover from Defendant reasonable attorney's fees and other litigation expenses, for which claim is hereby made.

WHEREFORE, Plaintiff prays that Defendant be served with and answer the claims asserted herein and that, on final trial, Plaintiff be awarded judgment against Defendant for actual damages, liquidated/punitive damages, equitable relief, pre-judgment and post-judgment interest as allowed by law, attorney's fees, costs of court and such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

JOHNSTON & MILLER
Attorneys at Law
2402 52nd Street, Suite 12
Lubbock, Texas 79412
Phone: (806) 785-1499
Fax:    (806) 762-6901


By: _____
        J. Craig Johnston
        State Bar No. 00787784

ATTORNEYS FOR PLAINTIFF

# **JURY DEMAND**

Plaintiff respectfully requests a Jury Trial.

By: _____

J. Craig Johnston

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET   5-13CV0054-C

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LISA L. BROWN, M.D.

**DEFENDANTS**
SOUTH PLAINS RURAL HEALTH SERVICES, INC.

**(b)** County of Residence of First Listed Plaintiff   DAWSON
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
J. CRAIG JOHNSTON, JOHNSTON & MILLER, Attorneys at Law,
2402 52nd Street, Suite 12, Lubbock, TX 79412 (806) 785-1499

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
*Habeas Corpus:*
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC secs. 2000e et seq.

Brief description of cause:
Race discrimination in employment and breach of contract.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE
03/06/2013

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____